UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KIM BERNADETTE JACQUES,<br><br>Plaintiff(s),<br><br>v.<br><br>ALBERTSON'S LLC, et al.,<br><br>Defendant(s). | Case No. 2:20-CV-79 JCM (BNW)<br><br>ORDER |

Presently before the court is the matter of *Jacques v. Albertson's LLC et al.*, case number 2:20-cv-00079-JCM-BNW.

On February 19, 2020, *pro se* plaintiff Kim Bernadette Jacques filed a motion to extend time to file a response (ECF No. 11) to defendant Sedgwick, Inc.'s ("Sedgwick") motion to dismiss (ECF No. 5). Sedgwick's motion to dismiss was filed January 21, 2020 (ECF No. 5), so Jacques's deadline to file her response was February 4, 2020, pursuant to Local Rule 7-2(b).

Local Rule IA 6-1(b) provides that "[a] request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect."

Jacques argues that she suffers from a traumatic brain injury, which results in "severe and debilitating and exhausting migraine, eye, and head pain, complicated by nerve damage in my neck." (ECF No. 11). Jacques contends that her traumatic brain injury has delayed her "progress," and that an extension of time will allow her "to comply with all proceedings, procedural rules, and guidelines." *Id.* Jacques does not specify what amount of time she believes is necessary to file her response to Sedgwick's motion to dismiss.

**James C. Mahan**
**U.S. District Judge**

The court finds that Jacques has not shown excusable neglect for the untimely filing of her motion. Jacques provides no explanation as to why she was unable to comply with the response deadline, other than an amorphous contention that her injury has delayed her progress. Jacques also offers no explanation as to why her condition prevented her from seeking this extension before her response deadline had passed. Further, Jacques does not request any specific extension period, which leads the court to question the sincerity of her intent to comply with court deadlines.

The court will therefore deny Jacques's motion to extend time. Further, because "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion," the court will grant Sedgwick's motion to dismiss. *See* LR 7-2(d).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Jacques's motion to extend time (ECF No. 11) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Sedgwick's motion to dismiss (ECF No. 5) be, and the same hereby is, GRANTED.

DATED February 20, 2020.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -