**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Kim Bernadette Jacques,

            Plaintiff,

   v.

Albertson's LLC, et al.,

            Defendants.

Case No. 2:20-cv-00079-RFB-BNW

**REPORT AND RECOMMENDATION & ORDER**

Before the Court are four motions filed by Plaintiff. Plaintiff filed two motions to amend at ECF Nos. 22 and 50. Plaintiff also filed a motion for an extension and a motion to file several motions. *See* ECF Nos. 78, 79. The Court will address each motion in turn.

**I.    Plaintiff's Motions to Amend (ECF Nos. 22, 50)**

As an initial matter, at ECF No. 22, Plaintiff filed what is docketed as a motion to amend, which attaches a proposed amended complaint. However, Plaintiff filed a subsequent motion to amend at ECF No. 50. Accordingly, the Court assumes that Plaintiff desires to have her proposed amended complaint at ECF No. 50 be her operative complaint. The Court, therefore, denies Plaintiff's first motion to amend at ECF No. 22 as moot.

The Court will also deny Plaintiff's second motion to amend (ECF No. 50) because amendment would be futile. As explained below, Plaintiff's proposed amended complaint does not establish that the Court has subject matter jurisdiction.

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay,

prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

Here, amendment would be futile because Plaintiff does not establish that the Court has subject matter jurisdiction. "Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," otherwise known as federal question jurisdiction. 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Here, Plaintiff does not allege facts sufficient to invoke the Court's jurisdiction. This is a slip and fall case, and Plaintiff alleges that the Court has diversity jurisdiction over it. *See* ECF No. 50. However, Plaintiff pleads that she is a citizen of Nevada and Defendant Albertson's LLC has its principal place of business in Nevada. *See id.* at 3. Accordingly, Plaintiff's proposed amended complaint does not establish that the Court has jurisdiction, and amendment would be futile. As such, the Court will recommend that Plaintiff's motion to amend (ECF No. 50) be denied.

**II.    Plaintiff's Motion for an Extension (ECF No. 78)**

At ECF No. 78, Plaintiff filed a motion for an extension/continuance. Put simply, it is not clear from Plaintiff's motion what she is requesting an extension or continuance of, for how long, and why. *See* ECF No. 78. Because Plaintiff has not filed a coherent memorandum of points and authorities in support of her motion, the Court will deny it under Local Rule 7-2(d).

**III.    Plaintiff's Motion to File Several Motions (ECF No. 79)**

At ECF No. 79, Plaintiff filed a motion to file several motions. Again, it is not clear from Plaintiff's motion exactly what she is requesting and why. *See* ECF No. 79. Because Plaintiff has

not filed a coherent memorandum of points and authorities in support of her motion, the Court will deny it under Local Rule 7-2(d). Plaintiff is further advised that litigants generally do not need to file a motion for permission to file other motions. However, all motions that are filed must comply with the Local Rules and the Federal Rules of Civil Procedure. Motions that do not comply with these rules may be denied. Additionally, parties are often required under the rules to meet and confer with the opposing party before filing a motion (to see if the parties can resolve the issue themselves). Motions filed in violation of the meet and confer rules may also be denied.

IT IS THEREFORE ORDERED that Plaintiff's motion to amend (ECF No. 22) is DENIED as moot.

IT IS RECOMMENDED that Plaintiff's motion to amend (ECF No. 50) be DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for an extension (ECF No. 78) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to file certain motions (ECF No. 79) is DENIED.

DATED: December 9, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE