**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| KIM JACQUES | Case No. 2:20-CV-00079-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| ALBERTSON, et al., | |
| Defendant(s). | |

**I. INTRODUCTION**

Before the Court is *pro se* Plaintiff's Motion for Reconsideration. ECF No. 21. For the following reasons, this Plaintiff's motion is denied.

**II. PROCEDURAL BACKGROUND**

Defendants filed a petition for removal from the Eight Judicial District on January 13, 2020. ECF No. 1. On January 21, 2020, Defendant Sedwick, Inc. filed a motion to dismiss. ECF No. 5. Plaintiff had until February 4, 2020 to file a response but failed to do so. ECF No. 8. Plaintiff file a motion to extend time to respond to Defendant's motion to dismiss on February 19, 2020. ECF No. 12. On February 20, 2020, the Court denied Plaintiff's motion for extension of time. ECF No. 15. Plaintiff filed motion for reconsideration on April 29, 2020 and Defendant's filed a response on May 11, 2020. ECF Nos. 21, 26.

**III. LEGAL STANDARD**

The Court has discretion to grant or deny a motion for reconsideration. Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir. 2003). Absent highly unusual circumstances, the court should grant a motion for reconsideration only where: (1) it is presented with newly discovered evidence; (2) it has committed clear error or the initial decision was manifestly unjust; or (3) there

has been an intervening change in controlling law. Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004); Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona, 229 F.3d at 890; Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citation and quotation marks omitted). "A party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." L.R. 59-1.

**IV. DISCUSSION**

The Court incorporates by reference the findings of fact in its Order on Motion to Dismiss.

In the February 20, 2020 order, the Court found that Plaintiff failed to show excusable neglect for the untimely filing of her motion because she provided no explanation as to why condition prevented her from seeking a timely extension. Moreover, Plaintiff did not request any specific extension period, which led the Court to question the sincerity of her intent to comply with court deadlines. In moving for reconsideration, Plaintiff argues she attempted to serve Defendant Sedwick and because Sedwick presents no evidence that it was served, the Defendant's motion to dismiss was meritless and should have been denied.

The Court finds that its denial of Plaintiff's motion for extension was proper; therefore, there is no basis to grant Plaintiff's motion for reconsideration. Local Rule IA 6-1(b) provides that "[a] request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect. Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 392 (1993). To determine whether neglect is "excusable," courts consider: (1) the prejudice to the defendants, (2) the length of the delay and

the potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the party seeking relief, and (4) whether that party acted in good faith. Id. at 395.

Here, Plaintiff untimely filed her motion for extension. Plaintiff contends that her traumatic brain injury has delayed her "progress," and that an extension of time will allow her "to comply with all proceedings, procedural rules, and guidelines." However, Plaintiff did not fully explain why the injury prevents her from meeting the response deadline. And although this Court recognizes that injuries of this kind may warrant extensions of time, there is no evidence in the record suggesting that Plaintiff has difficulty meeting filing deadlines. In fact, Plaintiff has met filing deadlines and timely appeared at proceedings. Ultimately, this Court finds that Plaintiff explanation for failure to timely respond to Defendants motion to dismiss is insufficient and does not present excusable neglect.

### V. CONCLUSION

For the reasons described above,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 21) is DENIED.

**IT IS FURTHER ORDERED** that the stay in this action is lifted.

DATED: February 19, 2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**