# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Kim Bernadette Jacques, | Case No. 2:20-cv-00079-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Albertson's LLC, et al., | |
| Defendants. | |

The Court recently had a hearing on several motions in this case. *See* ECF No. 123. To keep this case moving forward, and after further review of the docket, the Court makes several additional rulings.

First, upon further review of the Court's report and recommendation at ECF No. 93 that Plaintiff's proposed amended complaint (ECF No. 50) be denied, the Court vacates its report and recommendation. The Court previously recommended that Plaintiff's proposed amended complaint be denied as futile because Plaintiff failed to establish the Court's subject matter jurisdiction. ECF No. 93 at 1. Plaintiff alleged that the Court had diversity jurisdiction but also alleged that she was a citizen of Nevada and that Defendant Albertson's LLC had its principal place of business in Nevada. *See* ECF No. 50 at 3. However, after further review, the Court believes that this report and recommendation was likely in error, as Albertson's removed this case to federal court based on diversity jurisdiction, attesting that it is a citizen of Delaware and Idaho for purposes of diversity. *See* ECF No. 1 at 2. Accordingly, the Court is satisfied that Plaintiff and Albertson's are diverse and that it should not have denied Plaintiff's amended complaint (ECF No. 50) on this basis.

However, there are other problems with Plaintiff's proposed amended complaint at ECF No. 50. Most notably, Plaintiff did not file a motion to amend but rather simply a proposed amended complaint. *See* ECF No. 50. Local Rule 15-1(a) provides, in part, that "[u]nless the

court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading." Here, Plaintiff did not file a motion to amend as the rule requires. Accordingly, the Court will deny ECF No. 50 on this basis.

The Court notes that Plaintiff has now filed four proposed amended complaints without a motion to amend or leave of the Court to file an amended complaint. *See* ECF Nos. 50, 69, 103, 116. The Court has already stricken ECF Nos. 103 and 116 for failure to comply with the Federal Rules of Civil Procedure. *See* ECF Nos. 109, 117. The Court will now also direct the Clerk of Court to strike ECF Nos. 50 and 69 for the same reasons.

Finally, the Court notes that when it previously denied Plaintiff's proposed amended complaint at ECF No. 50, it denied a prior motion to amend (ECF No. 22) as moot. ECF No. 93. As Plaintiff has filed four proposed amended complaints since filing this prior motion to amend (ECF Nos. 50, 69, 103, 116), the Court does not believe that Plaintiff wishes ECF No. 22-1 to be the operative complaint. Additionally, the posture of the case has changed since Plaintiff filed her motion to amend at ECF No. 22. Most notably, the district judge recently denied Plaintiff's motion for reconsideration related to a motion to dismiss. *See* ECF No. 122. Accordingly, the Court continues to view Plaintiff's motion to amend at ECF No. 22 as moot. That said, the Court believes that in fairness, Plaintiff should be given a final opportunity to move to amend if she so chooses.

If Plaintiff chooses to move to amend her complaint again, the Court advises her of several facts. First, as previously noted, Plaintiff must file a *motion* to amend and attach her proposed amended complaint as an exhibit. *See* LR 15-1(a). Second, if Plaintiff chooses to file a motion to amend, she must do so by March 19, 2021. Defendant's response will be due seven days after Plaintiff's motion is filed, and Plaintiff's reply will be due seven days after Defendant's response. Third, under Local Rule 26-4, in Plaintiff's motion to amend, Plaintiff must demonstrate good cause and excusable neglect for filing her motion to amend after the deadline to

amend pleadings. *See* ECF No. 17 (deadline to amend pleadings was April 14, 2020).[1] Fourth, the Court notes that Plaintiff has continued to try and add Sedgwick, Inc. as a defendant in her proposed amended complaints. *See* ECF Nos. 22-1, 50, 69, 103, 116. However, Sedgwick was dismissed from this case in February of 2020, and the district judge recently denied a motion for reconsideration related to this order. *See* ECF Nos. 15, 122. Accordingly, Plaintiff is advised that Sedgwick is not a defendant in this case.

IT IS THEREFORE ORDERED that this Court's report and recommendation at ECF No. 93 that ECF No. 50 be denied is VACATED.

IT IS FURTHER ORDERED that ECF No. 50 is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to strike ECF Nos. 50 and 69.

IT IS FURTHER ORDERED that if Plaintiff wishes to file a motion to amend her complaint, she must do so by March 19, 2021. Defendant's response will be due seven days after Plaintiff's motion is filed, and Plaintiff's reply will be due seven days after Defendant's response.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send Plaintiff a pro se form complaint.

DATED: February 25, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Plaintiff's motion to amend and proposed amended complaints have all been filed after the deadline to amend pleadings. *See* ECF No. 17 (deadline to amend pleadings was April 14, 2020); ECF No. 22 (first motion to amend filed on April 29, 2020).