KIM BERNADETTE JACQUES
993 EQUESTRIAN DRIVE #3304
HENDERSON, NEVADA 89002
970-403-4733
kimbjacques@gmail.com
PLAINTIFF IN PROPER PERSON

UNITE STATES DISTRICT COURT

DISTRICT OF NEVADA

| KIM BERNADETTE JACQUES | | | |
|---|---|---|---|
| Plaintiff, | | | |
| -vs- | CASE NO. 2:20-cv-00079-RFB-BNW | | |
| ALBERETSONS, LLC et al / | PLAINTIFF KIM BERNADETTE JACQUES REQUEST OF THE COURT EXTENTION AND REINFORCEMENT OF PROTECTIVE ORDER<br>EFC No. 141 | | |
| Defendant(s). | | | |
| | 06/09/2020 | 53 | MINUTE ORDER IN CHAMBERS of the Honorable Richard F. Boulware, II on 6/9/2020. |
| | 08/01/2021 | 140 | MINUTE ORDER IN CHAMBERS of the Honorable Magistrate Judge Brenda Weksler on 8/1/2021.<br><br>At ECF No. 138, the district judge stayed this case until it ruled on Plaintiff's motion to amend. At ECF No. 139, Defendant filed this motion to strike ECF No. 137. Because this case is stayed, the Court denies ECF No. 139 without prejudice to Defendant refiling this motion after the stay is lifted.<br><br>(Copies have been distributed pursuant to the NEF - DCh) |

|  |  | (Entered: 08/01/2021) |
|--|--|--|

PLAINTIFF KIM BERNADETTE JACQUES Request for Reinforcement and Extension of Stipulations Civil protective order Personal Identification Information and Identity

COMES NOW Plaintiff KIM BERNADETTE JACQUES, pro se litigant respectfully request that this Court enter an injunction, pursuant to case Jacques v. Defendants Albertsons LLC et al Breach of Contract and Negligence, IDENTITY THEFT. This is the humblest of pleas, the Plaintiff's Adult Children are at RISK OF EXPOSURE, EXPLOITATION, AND POTENTIONAL CORPORATE INSURANCE FRAUD all due to this

:Subject Incident ALBERTSONS LLC. This pro se litigant is requesting that her identity be protected by the Honorable Court and Judge. Once you put a face to a name, in our society, all aspects and images of an individual can go virtual in the media and in a millisecond a person's life can be destroyed forever. This Subject Incident has forever changed my life> Albertsons LLC has violated the Rights of the Plaintiff in all matters of life.

With all due Respect to the Court and all of the Honorable Judges. During this ORDER TO STAY this case. this pro se litigant has received the following attached EXHIBITS. Therefore, this Plaintiff, pro se litigant, would appreciated it if all of the following Government Entities, SOCIAL SECURITY ADMINISTRATION, Financial Institutions: WELLS FARGO BANK, TBK BANK, BOULDER DAM CREDIT UNION, BOULDER CITY, NEVADA , INSURANCE; AMERICAN NATIONAL INSURANCE, AMERICAN NATIONAL SPRINGFIELD, MO, FIEDILITY INVESTMENTS, PERA, COLORADO, OFFICE OF CIVIL RIGHTS, WASHINGTON, DC, U.S. DEPARTMENT OF AGRICTURE OFFICE OF THE ASSISTANT SECRETARY OF CIVIL RIGHTS, WASHINGTON, DC,SECRETARY OF STATE BARBARA K. CEGAVSKE, THE HONORABLE MAYOR CAROLYN GOODMAN, NEVADA, DEPARTMENT OF MOTOR VEHICLES, and Boulder Pointe Apartments of the IDENTITY THEFT and NEVADA STATE DEPARTMENT OF UNEMPLOYMENT INSURANCE, All be notified by the court that the Plaintiff takes no responsibility of DISCRMINATION and a complete REVIEW and INVESTIGATION for Information provided to DWSS may be verified or investigated by federal, state and local officials including Quality Control staff. If you do not cooperate in the investigation, your benefits may be denied or terminated. If you

make a false or misleading statements, misrepresent, conceal or withhold facts necessary for DWSS to make accurate determination on your behalf or after any document your benefits may be denied, reduced or terminated.

Individuals found quilty of an intentional program violation in TANF and/or SNAP are barred from programs benefits for twelve (12) months for the first violation, twenty-four (24) months for a second violation and permanently for the third violation. The unlawful use of SNAP is punishable by a fine up to $250,000, imprisonment for up to twenty (20) years or both.

If the court of law finds you guilty of using or receiving SNAP benefits in a transaction involving sale of a controlled substance, you will not be eligible for benefits for two (2) years for the first offense and permanently for the second offense.

If a court of law finds you guilty of having used or received SNAP benefits in a transaction involving the sale of firearms, ammunition or explosives, you will be permanently ineligible to participate in the Program upon the first offense.

If a court of law finds you guilty of having trafficked SNAP benefits for an aggregate amount of more than $500.00 or more, you will be permanently ineligible to participate in the Program upon the first occasion of such violation.

If you are found to have made a fraudulent statement or representation with respect to the identity or place of residence in order to receive multiple SNAP benefits simultaneously, you will be ineligible to participate in the Program for a period of ten (10) years.

The Plaintiff's, this prose litigants Rights read as such "Anyone whose application for assistance has been denied can appeal. However, this pro se litigants needs a reassurance from the COURT that this pro se litigant will not be held responsible for any DUPLICATIONS of the Plaintiff's PERSONAL IDENTIFICATION INFORMATION, stolen due to Subject Incident and Identity theft.

The AMEICANS WITH DISABILITIES ACT states that I can not be harassed. The tenor of this CASE has changed drastically for the Plaintiff. On August 3, 2017, over five (5) years, the Plaintiff's case has been JUDGED and ORDERED from Six (6) Honorable Judges.

Second to the Physical Injuries that require all of the NUEROSURGEONS, Specialists, including MAYO CLINIC, California, UCLA MEDICAL CENTER, Los Angles California,

and the Plaintiff are suspending surgery on the Plaintiff's neck, back, and spine, until the Hearing on October 12, 2020 @11:00 A.M.

The Schedule of the Surgery has been suspended until the end of this litigation. Also, due to obvious COVID Related reasons. Nevertheless, this Plaintiff needs surgery to reduce the swelling on her spine.

Please consider moving the Court hearing to a earlier date. The window of opportunity for surgery is extremely crucial.

**Procedural History**

August 3, 2017 'Subject Incident" ALBERTSONS LLC Store #3205. Plaintiff files Complaint August 2, 2019 in Eight Judicial District, Clark County, Case # A-19-799623-C 360 P.I. Jurisdiction: Diversity [Dkt.1] Petition for Removal January 13, 2020.  January 13, 2020 Case Randomly assigned to Judge James C. Mahan. February 20, 2020 [Dkt14] ORDER Granting [Dkt.10] Motion for *Pro se Litigant* to file *Electronically*.


Magistrate Judge Brenda Weksler. February 20,2020 ORDER that [Dkt.5] GRANTING Motion to Dismiss, Judge James C. Mahan. March 5, 2020 [Dkt.18] AO85 Notice of Availability, Consent, and Order of Reference – Exercise of Jurisdiction by U.S. Magistrate Judge. [Dkt.98] Motion for Default Judgement. Defendants Albertsons LLC / Sedgwick Inc were both litigants in this action.  Defendant Sedgwick, Inc did not Answer, Respond, Reply, or file a Motion within the 21 days after service under Rule12 of the Federal Rules of Civil Procedures.

This document in Support of the Default Judgement is based on the attached Memorandum of Points and Authorities, the pleadings, records, and files in this action, and any other argument that the Court will hear. other evidence and argument as maybe presented at the time of hearing on this motion.

Dated this [15th] day of SEPTEMBER 2021          Respectfully Submitted by:

<u>Kim Bernadette Jacques</u>

4

Plaintiff: KIM BERNADETTE JACQUES

993 Equestrian Drive #3304

Henderson, Nevada 89002

970-403-4733

# Memorandum of Points and Authority

*Other disclosures*

- *Plan Amendments*

*Any amendments made to your plan should be in writing and made in accordance with the terms of the plan document. If a material amendment, participants must be notified of the change by being furnished a summary of material modifications.*

I. **INTRODUCTION OF PERTINENT FACTS**:

II. **Rule 36 (2) failure to admit,**

III. **Rule 26 Duty to Disclose**

IV. **Rule 34 VI Insurance Agreement 26 (f) (E) 5 (A) Information Withheld Surety Indemnity Insurer or Agent**

V. SUBPOENA Leave of Court Requested 26 (b) and (2) F.R. of Evidence (B) unavailable to Support the Defense of Defendants ALBERTSONS LLC /

VI. **EXTENT OF RELIEF**

VII. **Rule 36 (2) (A) (vi) Rendering a DEFAULT Judgement**

VIII. Rule 36, 37, 38, 39 Protective Order Request of the court to Reinforce the PROTECTIVE ORDER

IX. FOUR SEPARATE Court Ordered Due Dates Ignored by DEFENDANTS ALBERTSONS LLC

    a. No Answer, Response, Defense, Joint Reports, Defenses, Objections, or Filings Addressing Complaint Breach of Contract and Negligence for the Court or Plaintiff.

    b. Defendants Counsel Backus, Carrazana, Burden 3050 South Durango Drive Las Vegas, Nevada 89117 Phone No. 702-872-5555 Fax. No 702-872-5545 Jack P. Burden Nevada State Bar No. 6919 Limited Appearance for Defendants Sedgwick, Inc. Jacquelyn Franco Nevada State Bar No. 13484 Appearance of Counsel for Defendants Albertsons LLC et al. have not agreed to Arbitration or Mediation and refused Consent for the Honorable Magistrate Brenda K. Weskler pursuant to the Order.

    c.

Rule 325.  Breach of Implied Covenant of Good Faith and Fair Dealing - Essential Factual Elements

In every contract or agreement there is an implied promise of good faith and fair dealing. This implied promise means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract. Good faith means honesty of purpose without any intention to mislead or to take unfair advantage of another. Generally speaking, it means being faithful to one's duty or obligation. However, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract. Kim Bernadette Jacques claims that Albertsons LLC violated the duty to act fairly and in good faith. To establish this claim, [name of plaintiff] must prove all of the following:

1. That KIM BERNADETTE JACQUES and DEFENDANTS ALBERTSONS LLC / entered into a contract.

[2. That KIM BERNADETTE JACQUES did all, or substantially all of the significant things that the contract required her to do or that she was excused from having to performing an action;

3. That all conditions required for Defendant's ALBERTSONS LLC / performance had occurred/ [or] were excused.

4. That ALBERTSONS LLC specify conduct that plaintiff claims. FOR BREACH OF CONTRACT, NEGLIGECE and Identity Theft.

prevented plaintiff from receiving the benefits under the contract.

5. That by doing so, ALBERTSONS LLC / did not act fairly and in good faith; and

6. The Plaintiff KIM BERNADETTE JACQUES was harmed by ALBERTSONS LLC conduct.

New April 2004; Revised June 2011, December 2012, June 2014, November 2019, May 2020 Directions

This instruction should be given if the plaintiff has brought a separate count for breach of the covenant of good faith and fair dealing. It may be given in addition to CACI No. 303, Breach of Contract - Essential Factual Elements, if breach of contract on other grounds is also alleged.

Include element 2 if the plaintiff's substantial performance of contract requirements is at issue. Include element 3 if the contract contains conditions precedent that must 133 occur before the defendant is required to perform. For discussion of element 3, see the Directions for Use to CACI No. 303.

In element 4, insert an explanation of the defendant's conduct that violated the duty to act in good faith.

Case 2:20-cv-00079-RFB-BNW   Document 137   Filed 09/13/2021   Page 15 of 16

If a claim for breach of the implied covenant does nothing more than allege a mere contract breach and, relying on the same alleged acts, simply seeks the same damages or other relief already claimed in a contract cause of action, it may be disregarded as superfluous because no additional claim is actually stated. (Careau & Co. v. Security Pacific Business Credit, Inc. (1990) 222 Cal.App.3d 1371, 1395 [272 Cal.Rptr. 387].) The harm alleged in element 6 may produce contract damages that are different from those claimed for breach of the express contract provisions. (See) Digerati Holdings, LLC v. Young Money Entertainment, LLC (2011) 194 Cal.App.4th 873, 885 [123 Cal.Rptr.3d 736] [noting that gravamen of the two claims rests on different facts and different harm].)

It has been noted that one may bring a claim for breach of the implied covenant without also bringing a claim for breach of other contract terms. (See Careau & Co., supra, 222 Cal.App.3d at p. 1395.) Thus, a jury should be able to find a breach of the implied covenant even if it finds for the defendant on all other breach of contract claims.

SOURCES AND AUTHORITY

 "There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." (Comunale v. Traders & General Ins. Co. (1958) 50 Cal.2d 654, 658 [328 P.2d 198], internal citation omitted.)

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." 'The covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another. Such power must be

exercised in good faith." (Carma Developers (Cal.), Inc. v. Marathon Development California, Inc. (1992) 2 Cal.4th 342, 371-372 [6 Cal.Rptr.2d 467, 826 P.2d 710], internal citations omitted.)

"When one party to a contract retains the unilateral right to amend the agreement governing the parties' relationship, its exercise of that right is constrained by the covenant of good faith and fair dealing which precludes amendments that operate retroactively to impair accrued rights." (Cobb v. Ironwood Country Club (2015) 233 Cal.App.4th 960, 963 [183 Cal.Rptr.3d 282.)

"The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made. The covenant thus cannot "be endowed with an existence independent of its contractual underpinnings' It cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their CACI No. 325 CONTRACTS

X.   RULE 134

Action to be taken by the Court Issue the EXTENTION OF THE PROTECTIVE AFTER STAY IS LIFTED ON ORDER HONORAABLE MADAM MAGISTRTE BRENDA K. WESKLER. HONORABLE RFB JACQUES v. DEFENDANTS ALBERTSONS LLC et al without further Delay of Due Judice or Delay of Due Process.

DATED this _15th__ day of SEPTEMBER_,2021

*Kim Bernadette Jacques*

**Order**

At ECF No. 138, the District Judge stayed this case until the Court ruled on Plaintiff's motion to amend. Because this case is stayed, the Court denies ECF Nos. 143 and 144 without prejudice to Plaintiff refiling these motions after the stay is lifted.

IT IS SO ORDERED
DATED: 2:28 pm, September 16, 2021

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

9

_____
SIGNATURE
KIM BERNADETTE JACQUES
993 EQUESTRIAN DRIVE #
3303
HENDERSON, NEVADA
89002

Document Preparation

The Clerk of the Court has provided *Instructions for Preparing Documents for Filing with the Eighth Judicial District Court*. These instructions may be downloaded from the Internet at www.clarkcountycourts.us/res/clerk/civil-criminal-library/legal-forms/DOCPREPGUIDE4-25-11.pdf.

Civil Cover Sheet

According to the Clerk of the Court "A completed Civil Cover Sheet must be present at the time of filing any new Civil or Family Law Case." These forms may be completed online and are available on the Clark County Courts website at www.clarkcountycourts.us/departments/clerk/common-forms/.



1