UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIM BERNADETTE JACQUES,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSON'S LLC,<br><br>Defendant. | Case No. 20-cv-00079-RFB-DJA<br><br>**ORDER** |

### I. INTRODUCTION

Before the Court is Defendant Albertson's LLC ("Albertson's") motion for sanctions under Rule 37 (ECF No. 223). Also pending before the Court are Defendant Albertson's' motions in limine (ECF Nos. 200, 201, 202, 203, 204, 205, 206) as well as two motions for miscellaneous relief (ECF Nos. 229, 232) filed by Plaintiff Kim Bernadette Jacques. For the reasons stated below, the Court grants Albertson's' motion for sanctions. The Court's exclusionary sanction amounts to dismissal of the case. As a result, the motions in limine are denied as moot. Ms. Jacques' two motions for miscellaneous relief are also denied.

### II. RELEVANT BACKGROUND

Plaintiff Jacques alleges that she slipped in the aisle of one of Defendant Albertson's' stores. Ms. Jacques filed suit in state court, alleging a cause of action for (1) negligence and (2) breach of contract. Albertson's removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1. On March 4, 2020, the parties filed a joint proposed discovery plan, which the Court approved the next day. ECF No. 17. The discovery plan and subsequent scheduling order provided that parties were to exchange initial disclosures by March 17, 2020. The scheduling order also set an expert disclosure deadline of May 14, 2020, a rebuttal expert disclosure deadline of June 15,

2020, and a discovery cutoff of July 13, 2020. None of these deadlines were ever reopened or extended.

Ms. Jacques served her initial disclosures on March 20, 2020. A jury trial in this matter was set for December 4, 2023. ECF No. 197. Albertson's submitted seven motions in limine on October 18, 2023. ECF Nos. 200-206. Due to a conflict with the Court's calendar, the Court reset the trial for January 22, 2024. ECF No. 212. However, on December 19, 2023, the Court referred the matter to the Honorable Brenda N. Weksler, United States Magistrate Judge, for a settlement conference. ECF No. 215. The parties failed to reach a settlement and, on April 23, 2024, Ms. Jacques filed a document, which disclosed the names of four medical providers that she intended to have testify at trial. ECF No. 221. In light of this filing, Albertson's filed a motion for Rule 37 sanctions. ECF No. 223. The Court held a hearing on the pending motions in limine, as well as the motion for sanctions. ECF No. 225. The Court deferred ruling on the motions and ordered Ms. Jacques to address whether and when she provided a disclosure of her expert witnesses. The Court set a May 20, 2024 deadline for Ms. Jacques' response. Ms. Jacques filed documents in response on May 14 and May 17, 2024. ECF Nos. 229, 232. This Order follows.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 26 governs the discovery process and mandates that the parties initially disclose potential witnesses without awaiting a discovery request. Specifically, under Rule 26(a)(1)(A)(i), a party must disclose the name and, if known, the contact information of each individual likely to have discoverable information that the party may use to support its claims. In addition to a party's initial disclosures, Rule 26(a)(2)(A) requires the parties to disclose "the identity of any [expert] witness it may use at trial to present evidence" and requires additional disclosures for a witness who will present evidence under Federal Rules of Evidence 702, 703, or 705. While a party must make these disclosures "based on the information then reasonably available to it," Rule 26(e) imposes an ongoing duty on the party to supplement that information when the "party learns that the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

In turn, Rule 37 "gives teeth to these requirements," enabling the court to sanction the non-disclosing party by "forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed," Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001), and, in some cases, dismissing the proceeding. Fed. R. Civ. P. 37 (c)(1); 37(b)(2)(A)(i)–(vi). The exclusion of improperly disclosed evidence has been characterized as "automatic." "The automatic nature of the rule's application does not mean that a district court *must* exclude evidence that runs afoul of Rule 26(a) or (e)." Merchant v. Corizon Health, Inc., 993 F.3d 733, 740 (9th Cir. 2021). "Rather, the rule is automatic in the sense that a district court may properly impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless." Id.

In order to determine whether a failure to disclose was substantially justified or harmless, courts consider the following factors: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003). The burden is upon the disclosing party to show that the failure to disclose was justified or harmless. Yeti, 259 F.3d at 1107.

Additionally, where the exclusionary sanction amounts to dismissal, the Court must undertake a five-factor analysis: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Wendt v. Host Int'l, Inc., 125 F.3d 806, 814 (9th Cir. 1997). Finally, before issuing a sanction that amounts to dismissal, courts must consider whether the failure to disclose involved "willfulness or bad faith." R & R Sails, Inc. v. Ins. Co. of Pennsylvania, 673 F.3d 1240 (9th Cir. 2012).

**IV.   DISCUSSION**

**A.  Rule 37 Motion for Sanctions**

Albertson's moves to dismiss the current action pursuant to Rule 37 for failure to disclose evidence during discovery as is required by Rule 26. Albertson's asserts that Ms. Jacques (1)

waited until April 23, 2024, nearly four years after the close of discovery, to disclose the identities of four medical providers that she intends to call as witnesses at trial and (2) never provided a proper computation of her damages. For the foregoing reasons, the Court grants Albertson's' motion for sanctions and excludes the testimony of the undisclosed medical providers. The Court further holds that excluding this expert testimony is fatal to Ms. Jacques' negligence claim, as she will be unable to establish causation for her claims. Turner v. Mandalay Sports Ent., LLC, 180 P.3d 1172, 1175 (Nev. 2008) (finding that an element of negligence is legal causation). As a result, the Court need not address her failure to provide proper computation of her damages.

### i. Undisclosed Witnesses

Albertson's contends that Ms. Jacques failed to timely disclose the names of four medical providers that she intends to call at trial. According to Albertson's, Ms. Jacques disclosed these providers for the first time on April 23, 2024, nearly four years after the close of discovery and months after a judicial settlement conference was held.

As noted, Rule 26(a)(1)(A)(i) mandates each party provide the other, "without awaiting a discovery request," the name and contact information of each individual likely to have discoverable information, along with the subjects of that information. Fed. R. Civ. P. 26(1)(A)(i). Rule 26(a)(2)(A) also requires the parties to disclose the identity of any expert witness that they may use at trial to present their evidence. Fed. R. Civ. P. 26(a)(2)(A). Rule 26(e) mandates the supplementation of a Rule 26(a) disclosure that is later determined to be incomplete or incorrect, where the corrective information has not otherwise been made known during the course of discovery. Rule 37(c)(1) prohibits the nondisclosing party from using the undisclosed witness "to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."

The record reflects that Ms. Jacques did not comply with the pre-discovery and expert disclosure rules of Rule 26(a), or the duty to supplement under 26(e). Pursuant to the parties' Discovery Plan and Scheduling Order, the initial disclosures were due by March 17, 2020. Expert disclosures were required to be made by May 14, 2020. The disclosure of rebuttal experts was due by June 15, 2020. Discovery closed on July 13, 2020. Discovery was never reopened or extended.

Ms. Jacques disclosed a list of witnesses three times, on November 21, 2019, March 20, 2020, and June 16, 2020. The latter of these disclosures was stricken from the record as improperly filed. Yet, none of these disclosures contained the names of the four medical providers that Ms. Jacques seeks to have testify at trial. Beyond these disclosures, there is no evidence that the identities of the four medical providers were ever provided to Albertson's prior to April 24, 2024. The Court need not decide whether Ms. Jacques' list of four medical providers qualify as retained or non-retained experts because the record establishes that she failed to meet the disclosure requirements under either category.

The Court does not find that the violation is substantially justified or harmless. The Court gave Ms. Jacques the opportunity to respond to Albertson's' motion and demonstrate an earlier disclosure. However, Ms. Jacques' response lacks any adequate explanation for her failure to disclose this information or documentation reflecting that she provided Albertson's with the names of these medical witnesses at any point prior to April 23, 2024. The prejudice to Albertson's at this late stage of the litigation is severe and incurable. At the time that Ms. Jacques made this disclosure, discovery had been closed for almost four years and Albertson's had already prepared for and participated in a settlement conference. Albertson's cannot investigate or depose these witnesses, which renders them unable to oppose their testimony through either impeachment or rebuttal testimony. In order to cure this prejudice, the Court would be forced to reopen discovery four years after the discovery cutoff date and seven months after this case was first set for trial. Such an action would disrupt trial and significantly interfere with the Court's ability to manage its own docket. See Hoffman v. Constr. Protective Servs., Inc., 541 F.3d 1175, 1180 (9th Cir. 2008), as amended (Sept. 16, 2008) (finding that, where the discovery violation forces the court to "create a new briefing schedule" and "re-open discovery, rather than simply set a trial date," "supports a finding that the failure to disclose was not harmless.").

Ms. Jacques' failure to identify these medical providers at any point during discovery or prior to the settlement conference is willful. Albertson's put Ms. Jacques on notice of her need to disclose the names of her medical providers as early as December 11, 2019, while the action was still in state court. Ms. Jacques clearly understood the purpose of this disclosure requirement as

she provided the names of 19 witnesses in her arbitration disclosures, the names of 10 witnesses in her Rule 26 initial disclosure, and another 18 witnesses in her stricken expert disclosure list.

The Court finds that Ms. Jacques has not met her burden in demonstrating that her violation of Rule 26 was harmless or substantially justified. No less drastic sanction than exclusion is warranted on the record. Accordingly, the Court excludes all testimony and evidence from these medical providers.

### ii. **Whether the Exclusionary Sanction Amounts to a Dismissal**

In light of the Court's exclusionary sanction, the Court now assesses what aspects, if any, of Ms. Jacques' negligence claim she can bring at trial. In order to succeed in her negligence claim against Albertson's, Ms. Jacques must establish that her pain and suffering resulted from her fall. See Goodman v. Staples The Off. Superstore, LLC, 644 F.3d 817, 824 (9th Cir. 2011) ("To succeed in [plaintiff's] negligence claim against [defendant], she would have to prove that these injuries probably resulted from her fall."). Without the testimony of these medical providers, Ms. Jacques is unable to present evidence of how her pain and suffering were caused by Albertson's' negligence. She is thus unable to establish negligence due to a lack of causation. As a result, the Court finds that the exclusionary sanction results in dismissal of the action. Nonetheless, the Court finds that the sanction of exclusion is still warranted.

As a result of the exclusionary sanction, Ms. Jacques will be unable to establish a *prima facie* case of negligence due to the Court's order. "[T]o prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc., 221 P.3d 1276, 1280 (Nev. 2009). An expert is required when "the cause of the injuries is not immediately apparent" or the injury "may have many causes," but not when the connection "would be obvious to laymen." Scolaro v. Vons Co. Inc., No. 2:17-cv-01979, 2019 U.S. Dist. LEXIS 221547, at *21 (D. Nevada Dec. 27, 2019). But "expert causation testimony is not required where 'the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile.'" Alfaro v. D. Las Vegas Inc., No. 2:15-cv-02190-MMD-

PAL, 2016 U.S. Dist. LEXIS 113949, at *15 (D. Nev. Aug. 24, 2016). Lay witnesses may only testify on matters that are rationally based on their perception and "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701.

Expert testimony is required to establish causation in this case because the causal relationship between Ms. Jacques' ongoing neurological or other conditions and Ms. Jacques' alleged slip and fall from seven years ago is not immediately apparent or within the comprehension of an ordinary lay person. Before she disclosed the four medical providers that are subject to the Rule 27 motion for sanctions, Ms. Jacques had failed to disclose any medical providers, or medical experts. The only witnesses she disclosed were herself, her friends and family, Albertson's' employees, Albertson's' counsel, employees of an insurance company, and other alleged fact witnesses. Therefore, none of Ms. Jacques' witnesses—including herself—can offer the opinion that her medical conditions were caused by Albertson's. For this same reason, no witness may diagnose Ms. Jacques with any medical condition (e.g., a traumatic brain injury) because this would be outside the scope of lay witness testimony under Rule 701. As Ms. Jacques has failed to timely disclose any medical provider witnesses, she will not be able to offer proof of causation. Without proof of causation, Ms. Jacques is unable to establish a claim for negligence.[1]

Because Ms. Jacques will be unable to establish causation, a required element of a negligence claim, the Court finds that its sanction amounts to dismissal of the action. Therefore, the Court must determine whether the sanction is still appropriate under the Ninth Circuit's five-factor analysis. As noted, where the exclusionary sanction amounts to dismissal, the Court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Wendt, 125 F.3d at 814.

"The first two of these factors favor the imposition of sanctions in most cases, while the

---

[1] In her Complaint, Ms. Jacques also alleges a breach of contract claim against Albertson's. However, in a hearing on October 26, 2021, the Court held that only her negligence claim would proceed to trial. Specifically, the Court stated: "So, what remains in this case is a single claim of negligence against Albertsons. That claim will go the trial at this point [.]" See also ECF No. 148 ("The transcript of this hearing shall serve as the written Opinion and Order of the Court.").

fourth cuts against a . . . dismissal sanction. Thus, the key factors are prejudice and the availability of lesser sanctions." Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993) (quotation omitted). For the reasons discussed above, the Court finds that the prejudice to Albertson's is significant and incurable and that lesser sanctions, such as reopening discovery and permitting a motion for attorney's fees, are not available. The Court has also already found that Ms. Jacques acted willfully in failing to disclose her medical providers. Finally, Ms. Jacques' filings reflect a concession that she understood the requirement to disclose witnesses, but knowingly failed to do so when it regarded medical experts and her medical conditions at issue in this case. The Court finds that this record is indicative of bad faith in the context of the required disclosures. For these reasons, the Court finds that, although sanctions are dispositive, they are warranted.

As discussed above, Ms. Jacques requires medical expert testimony to establish causation, but she will be unable to present such evidence. As a result, the Court's sanction disposes of her negligence claim. The case is thus dismissed.

### B. Motions in Limine

Albertson's filed a number of number of motions in limine. However, Ms. Jacques is now unable to meet the elements of her sole claim of negligence and the claim cannot proceed to trial. The Court denies the remaining motions in limine as moot.

### C. Plaintiff's Motions

Finally, the Court denies both of Ms. Jacques' "motions." The first motion appears to be a form pretrial order and does not seek any relief. With respect to the second filing, submitted on May 17, 2024, the Court does not discern any specific relief requested by Ms. Jacques, aside from a judgment in her favor and an award of damages. Thus, to the extent Ms. Jacques seeks specific relief in the May 17 filing, the Court denies that relief.

### V.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sanctions (ECF No. 223) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motions in Limine No. 1, 2, 3, 4, 5, 6,

1  and 7 (ECF Nos. 200-206) are **DENIED** without prejudice as moot.

2  **IT IS FURTHER ORDERED** that Plaintiff's Motions (ECF Nos. 229, 232) are **DENIED**
3  without prejudice.

4  The clerk of Court is instructed to close this case.

6  **DATED:** September 29, 2024.

8  **RICHARD F. BOULWARE, II**
   **UNITED STATES DISTRICT JUDGE**