# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIM BERNADETTE JACQUES,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSON'S LLC,<br><br>Defendant. | Case No. 2:20-cv-00079-RFB-DJA<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Kim Bernadette Jacques' Motion for Reconsideration of the Court's Order entered on September 29, 2024 (ECF Nos. 236, 237).[1] For the following reasons, Plaintiff's motion is denied.

## II. BACKGROUND

The Court incorporates the procedural and factual background sections herein from its prior Order, ECF No. 235, and adds the following: On September 29, 2024, the Court entered an Order *inter alia* granting Defendant Albertson's' Motion for Rule 37 Sanctions. ECF No. 235. In its Order, the Court held that Ms. Jacques violated Rule 26(a) and 26(e) by failing to timely disclose the names of medical providers that she intended to call at trial. Finding no evidence that the violation was substantially justified or harmless, the Court therefore excluded all testimony and evidence from these providers pursuant to Rule 37. Consequently, the Court found that the exclusion amounted to dismissal of the action, for Ms. Jacques would have been unable to establish

---

[1] The Court recognizes Ms. Jacques filed two motions in response to the Court's Order. Based on the substance and context of her arguments, the Court construes both motions as a Motion for Reconsideration of the Court's Order dismissing this action. See City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (a district court possesses an inherent procedural power to reconsider, rescind, or modify an order); see also Local Rule 59-1(a). Therefore, the Court addresses these motions jointly as a single motion for reconsideration. Nevertheless, the Court considers the arguments offered by Plaintiff in both of these motions.

an essential element of her negligence claim without the medical testimony. On September 30 and October 7, 2024, Plaintiff filed the instant motions. ECF Nos. 236, 237. Defendant Albertson's filed responses on October 14, 2024. ECF Nos. 238, 239, 240. The Court's Order follows.

### III. LEGAL STANDARD

The Court has discretion to grant or deny a motion for reconsideration. Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir. 2003). A district court may grant a motion for reconsideration only where: (1) it is presented with newly discovered evidence; (2) it has committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004); Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona, 229 F.3d at 890. "A party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." L.R. 59-1. These motions are disfavored. Local Rule 59-1(b).

### IV. DISCUSSION

Plaintiff's motions argue that the Court has committed clear error and its ruling was manifestly unjust. First, Plaintiff argues that the Court wrongly concluded that Ms. Jacques failed to timely disclose her medical providers. She argues that she disclosed these medical providers in 2019 state court filings before this action was removed. Additionally, she argues that evidence of disclosure was included in over 1,900 pages of evidence served on defense counsel, but not reviewed by the Court. Lastly, Ms. Jacques states that the Court rejected her submission of voice mail recordings that confirmed all evidence was provided to Defendant. Beyond these references, Ms. Jacques simply concludes that she disclosed her experts "four" different times.

As an initial matter, these arguments are the same as those previously presented in support of her disclosure. See ECF Nos. 222, 225, 228. Motions for reconsideration may not be granted where the movant simply repeats the arguments presented during the underlying motion. See

1  Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) ("The motion [for reconsideration] was
2  properly denied here because. . . it presented no arguments that had not already been raised[.]");
3  see also Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1033 (N.D. Cal. 1994) ("In
4  order for a party to demonstrate clear error, the moving party's arguments cannot be the same as
5  those made earlier.").

6        Even if the Court were to consider these arguments anew, nothing on the record indicates
7  that the medical providers were timely disclosed. The Court previously granted Ms. Jacques an
8  opportunity to file any evidence suggesting the experts were provided to Defendant during a May
9  6, 2024, hearing. Ms. Jacques failed to do. Even in these motions, Ms. Jacques does not point to a
10  docket number in the state court filings reflecting the disclosures, nor does she indicate on what
11  page of the 1,900 pages of evidence indicate the experts she plans to call for testimony. Moreover,
12  even if Plaintiff submitted evidence reflecting that she did disclose the providers in the state court
13  filings or 1,900-page box, these filings are not sufficient under the rules governing discovery. See
14  Fed. R. Civ. P. 26(a)(2)(A) (mandating that a party disclose the identity of experts *to the other*
15  *party*); see also Fed. R. Civ. P. 26(a)(2)(B), (C) (describing what must be contained in expert
16  disclosures). Finally, Plaintiff protests that the Court did not require Defendant to prove that it
17  never received the disclosure. However, as it is Plaintiff's duty to adequately disclose experts
18  under Rule 26, it is Plaintiff's burden to demonstrate compliance with the rule. The Court does not
19  find clear error or manifest injustice in its ruling that Ms. Jacques failed to adequately disclose the
20  medical experts.

21        Next, Plaintiff appears to argue that the Court wrongly concluded that the Rule 37 sanction
22  warranted dismissal of the case. Effectively, Ms. Jacques argues that since the injuries caused from
23  her fall are apparent, she could prove her negligence claim. For example, she emphasizes the
24  immediate injuries resulting from her fall, including a seizure, unconsciousness, and the
25  emergency unit's diagnoses. She describes various lasting injuries, stating that she would not have
26  seen any doctors or specialists but for her injury. Ultimately, she concludes, "[t]here is no practical
27  way in which [Ms. Jacques] could be clearer about the damages" incurred from her fall.
28        In its previous Order, the Court already considered whether Ms. Jacques' injuries required

medical experts to prove causation from the slip and fall. Ms. Jacques offers no new argument here. See Maraziti, 52 F.3d at 255. The Court nonetheless reconsiders its analysis and affirms that Plaintiff's injuries are complex enough to necessitate expert testimony. In just the instant motions, Ms. Jacques alleges injuries to her brain, back, spine, neck, shoulders, and mental health resulting from the fall seven years ago. While the Court does not deny Ms. Jacques suffers from these injuries, the Court finds that they are beyond the common knowledge of a layperson. An expert is required when "the cause of the injuries is not immediately apparent" or the injury "may have many causes," but not when the connection "would be obvious to laymen." Scolaro v. Vons Co. Inc., No. 2:17-cv-01979, 2019 U.S. Dist. LEXIS 221547, at *21 (D. Nev. Dec. 27, 2019); see also Lord v. State, 806 P.2d 548, 551 (Nev. 1991) ("When the cause of injuries is not immediately apparent, the opinion as to the cause should be given by one qualified as a medical expert."). The Court therefore finds that, were Plaintiff's negligence claim to proceed without expert testimony, it would be built upon "the gossamer threads of whimsy, speculation, and conjecture." Wood v. Safeway, Inc., 121 P.3d 1026, 1031 (Nev. 2005). The Court does not find clear error or manifest injustice in its ruling on dismissal resulting from Rule 37 sanctions.

Lastly, the Court considers those arguments that do not directly address the Court's ruling on the motion for Rule 37 sanctions. Referencing evidence in support of Defendant's negligence (*e.g.*, photographs, sweep logs, witness statements, etc.), Ms. Jacques argues that dismissal of this action "ignore[s] the truth of [her] claims and injuries[.]" While there is a strong public policy in favor of disposing cases on their merits, rather than procedural shortcomings, the Court must weigh this factor against the significant prejudice to the defendant and the unavailability of less drastic sanctions. See Wendt v. Host. Int'l, Inc., 125 F.3d 806, 814 (9th Cir. 1997) (concluding that where an exclusionary sanction amounts to dismissal, the court must undertake a five-factor analysis). As the Court reasoned, disposition on the merits is in fact outweighed by these factors. The Court finds no clear error or manifest injustice in the prior holding that the sanctions imposed amounted to dismissal.

Plaintiff also raises issues with various procedural decisions made by the Court since the beginning of the action. For example, Plaintiff protests *inter alia* rulings on motions to compel,

interrogatories, and default judgments. A motion for reconsideration "may not be used to relitigate old matters[.]" Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008). Nor may it be used "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona, 229 F.3d at 890. Accordingly, the Court will not reconsider rulings that could reasonably have been objected to by Plaintiff within the time they were decided. Even if the Court were to consider those arguments, they are mooted by the Court's disposal of the case in its September 30, 2024, Order.

Plaintiff's remaining arguments are immaterial to either the Court's recent Order or dismissal generally. For the foregoing reasons, the Plaintiff's motion is denied.

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motions for Reconsideration (ECF Nos. 236, 237) are **DENIED**.

The Clerk of the Court is instructed to enter judgment accordingly.

**DATED:** January 3, 2025

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**